Clase J. Hoyt, J.
Petitioner brought this article 78 proceeding to compel the respondent to recognize petitioner’s paper, the Home News and Times, as an" official paper of the City of Yonkers and to furnish petitioner with all advertising and notices required by law to be published in an official newspaper of said city for insertion and publication in petitioner’s newspaper.
Upon the decision of the court an order dated July 16, 1963 was filed on July 25,1963 denying petitioner’s motion for a final order, denying respondent’s motion for an order dismissing the petition and ordering that the issue of fact framed by the pleadings, i.e., whether the petitioner is responsible for the mistakes and errors of published notices and of failure to publish and whether the mistakes and errors, if found to be the responsibility of petitioner, constitute a failure and refusal to perform, be tried before the court without a jury.
Pursuant to this order the parties appeared at Special Term, Part III on September 10, 1963 and offered proof as to the alleged mistakes and errors of publication and the responsibility therefor. Neither respondent nor petitioner sought a hearing before a jury.
Two issues were raised in this proceeding: can the designation of petitioner’s newspaper be terminated by reason of its alleged failure to adhere to the political principles it espoused at the time of its designation and can the designation be terminated because of alleged typographical errors or omissions of petitioner’s newspaper.
By the court’s prior decision it was determined that the designation could not be terminated by reason of the alleged failure to adhere to the political principles espoused at the time of its designation. It was further held that typographical errors or deficiencies could constitute a failure or refusal to act or perform as an official newspaper.
Such errors or omissions as were found upon the hearing to be chargeable to respondent did not in thé court’s opinion amount to a failure or refusal to perform and do not justify a termination of the appointment or designation of petitioner as an official newspaper of the City of Yonkers.
In a publication of December 19, 1962 petitioner omitted one line from a long description of real property. This publication was in connection with a hearing on redistricting wards in the City of Yonkers. Litigation resulted and the ordinance was attacked on several grounds including that of the defective publication. In that proceeding the court said “ The omission of *962 one line from the description of the 11th Ward was insubstantial and could not have misinformed anyone
On April 20, 1962, when the publication of three notices of hearing for special assessments on three parcels of real property was scheduled, petitioner published but one notice of hearing. The respondent claims to have given the copy to the petitioner for all three hearings, the petitioner denies receipt of the copy for the other two parcels.
Similarly, on June 20,1962 a publication was not made wherein the petitioner denied receiving the copy and the respondent claims it was delivered to petitioner. It was conceded that by this time disputes had arisen between petitioner and respondent as to whether copy for publications had been given to petitioner and it was agreed that thereafter respondent would be given a receipt upon delivery of copy to petitioner. Respondent produced no receipt for the delivery of the copy for this publication.
The remaining omission occurred on January 30, 1963 and petitioner conceded its failure to publish copy given it. The error was soon detected however and the notice was published in time for the hearing as originally scheduled.
These typographical errors or omissions are not grounds to terminate the designation. Respondent did nothing to revoke the designation until March 26, 1963 and then by its resolution gave as its reason “ [Whereas] the Home News and Times has failed to act and perform as such and has shown by its repeated expressions over a period of more than two months that it is no longer of the Democratic political faith ”.
If respondent sought to justify the termination of petitioner as an official newspaper upon the ground that petitioner failed or refused to act or perform by reason of typographical errors or deficiencies, respondent’s action was arbitrary and capricious. If, on the other hand, the justification for the termination was based upon petitioner’s lack of advocacy or support of a political faith, that action, as has been previously held, was unlawful.
The petition is, thus, granted and respondent is directed to recognize petitioner as an official paper of the City of Yonkers.